No. 639

LaBOUNTY, Admr. v. DEFIANCE GAS CO. et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1521. Decided May 18, 1925

829. NEGLIGENCE—No assumption of risk on part of employe, when defect was not known or appreciated by him, injury growing out of such defect.

WILLIAMS, J.

Irvin LaBounty brought this action in the Lucas Common Pleas against the Defiance Gas & Electric Co. and George R. Ford, to recover for the death of his decedent, Roxie Schultz. It seems that the wire of the Electric Co. and the wires of Ford's Telephone Co. were attached to the same pole. Ford had contracted with one, Duck, to make repairs upon his telephone system and Duck sent the decedent as one of the employees to do the work.

The decedent ascended the pole and proceeded to make an examination of the telephone wires. High tension electric wires were about 18 inches therefrom. In furtherence of the examination he opened a can top, which came in contact with the high tension wire and he fell to the ground apparently killed by a current of electricity. The Common Pleas Court sustained a motion of the company's for a directed verdict and judgment was rendered thereon.

Error was prosecuted and LaBounty contended that the Company was guilty of negligence in three ways:—1. In not having electric light wires equipped with proper insulation. 2. In maintaining telephone wire, can top and other equipment connected with the telephone wires at a distance of about 18 inches from the high tension wires when the distance should have been no less than six feet for safety and protection of men required to work on said telephone wires. 3. In failing to have the guy wires attached to said pole, insulated. It was claimed by Ford that the doctrine of assumption of risk applied and that it appears from the evidence that the decedent assumed a risk and cannot therefore recover.

The Court of Appeals held:

1. The decedent may well have assumed that the strain insulator was in good repair, but the evidence tends to show that the defect of the strain insulator was not open, obvious and apparent, as were the dangers included in the first two grounds for negligence.

2. The instant case is distinguished from the case cited by defendants; Cincinnati Gas & Elec. Co. v. Archdeacon, 80 OS. 27, in that there is evidence tending to show that it was necessary for anyone opening the can top to come in contact with the guy wire in doing so.

3. The most vital distinction however is the fact that there is evidence tending to prove that the strain insulator was cracked so that moisture might enter. Might not the decedent have assumed that the strain insulator was in working order so that even if the can top did touch the electric wire where the insulation was off he could not receive a shock? This question must be answered in the affirmative.

4. It cannot be held as a matter of law that decedent assumed risk growing out of defect in a strain insulator of the guy wire because such defect was not obvious nor was there any evidence that said defect was known or appreciated by said decedent.

Judgment of lower court reversed and cause remanded.

Attorneys—Charles A. Thatcher & Chester A. Meck, for LaBounty; Denman, Wilson, Miller & Wall; Rathbun, Fuller, & James P. Schrider for Company et; all of Toledo.